IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIA CONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv865-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the plaintiff's June 26, 2008 motion to amend judgment pursuant to FED. R. CIV. P. 59(e) (doc. # 24) in which she argues that her petition for fees pursuant to 42 U.S.C. § 406(b) cannot be filed within fourteen days after entry of judgment in accordance with FED. R. CIV. P. 54(d)(2).

On June 16, 2008, the court entered final judgment reversing and remanding this case to the Commissioner for further consideration and proceedings consistent with the memorandum opinion entered therewith.  *See* Docs. # 21 & 22.  The court's remand was pursuant to sentence four of 42 U.S.C. § 405(g).[1]

Pursuant to the Equal Access to Justice Act ("EAJA"), a petition for attorney's fees

---

[1] 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . .

1

must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).[2] The Commissioner is permitted 60 days for appeal. *See* FED.R.APP.PR. 4(a). At the expiration of 60 days, the judgment becomes final if the Commissioner does not file an appeal. The plaintiff would then have 30 days to file a petition for attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the time for the plaintiff to file a petition for attorney's fees under 28 U.S.C. § 2412 has not yet begun to run.

In this case, however, the plaintiff wants to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) which also provides for an award of a reasonable attorney's fee because the court remanded the case to the Commissioner.[3] The law in this circuit is clear that 42 U.S.C. § 406(b) "authorizes an award of attorney's fees where the district court

---

[2] 28 U.S.C. § 2412(d)(1)(B) reads in pertinent part as follows:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

[3] 42 U.S.C. § 406(b) provides as follows.

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

2

remands the case to the Commissioner of Social Security for further proceedings, *and* the Commissioner on remand awards the claimant past due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (emphasis added). The Commissioner has not yet determined that the plaintiff is entitled to an award of past-due benefits. Consequently, at this juncture, the court cannot determine whether the plaintiff would be entitled to an award of attorney's fees under 42 U.S.C. § 406(b). Clearly, if the plaintiff is successful on remand, she would be entitled to an award of fees pursuant to 42 U.S.C. § 406(b). *See Bergen*, 454 F.3d at 1277.

The quandary for the parties and the court is one of time. FED. R. CIV. P. 54(d)(2)(i) and (iii) require a motion for attorney's fees to "be filed no later than 14 days after the entry of judgment," and that the motion "state the amount sought or provide a fair estimate of it." In *Bergen*, the court held that "FED. R. CIV. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." 454 F.3d at 1277. Thus, in order to file a *timely* motion for attorney's fees in accordance FED. R. CIV. P. 54(d)(2), the plaintiff would have to file her motion for fees within fourteen days of the court's judgment remanding the matter to the Commissioner for further proceedings, long before the Commissioner has determined that she is entitled to an award of past due benefits which, of course, determines the amount of fees.[4] The Eleventh Circuit, albeit in an unpublished opinion, recognizes the dilemma presented by 42 U.S.C. §

---

[4] Interestingly, in *Bergen*, because the Commissioner did not object to the timeliness of the plaintiff's fee petition, the court specifically declined to address or decide the issue of "when the 14 day period for filing the petition[] provided for in[ FED. R. CIV. P. 54(D)(2)(B)] begins to run for a § 406(b) petition." 454 F.3d at 1277.

3

406(b) and FED. R. CIV. P. 54(d)(2)(i).

> "We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of FED. R. CIV. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. *See Bergen*, 454 F.3d at 1276.

*Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

FED. R. CIV. P. 59(a)(2) permits the court, on a timely motion, to "direct entry of a new judgment."[5] At this juncture, based on the status of the law and in an abundance of caution, the court concludes that the better course of action is to grant the motion to amend or correct judgment (doc. # 23), vacate the court's memorandum opinion and judgment (docs. # 21 and 22), and follow the Eleventh Circuit's suggestion in *Bergen by including* "in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commissioner." *Bergen*, 454 F.3d at

---

[5] FED. R. CIV. P. 59(e) requires a motion to alter or amend judgment to be filed "no later than 10 days after entry of the judgment." The plaintiff's motion to amend or correct judgment (doc. # 23) was timely filed.

4

1278 fn. 2.

Accordingly, it is

ORDERED that, pursuant to FED. R. CIV. P. 59, the plaintiff's motion to amend or correct judgment (doc. # 23) be and is hereby GRANTED and the court's Memorandum Opinion and Final Judgment entered on June 16, 2008 (docs. # 21 & 22) be and are hereby VACATED.

Done this 18th day of July, 2008.

                                   /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE